**UNITED STATES of America, By Nicholas de B. KATZENBACH, Attorney General, Plaintiff,**

v.

**WILCOX COUNTY BOARD OF EDUCATION et al., Defendants.**

**Civ. A. No. 3934–65–H.**

United States District Court,
S. D. Alabama, S. D.

July 12, 1974.

Charles S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., John Scott, Educational Section, Civil Rights Div., Dept. of Justice. Washington, D. C., for plaintiff.

McLean Pitts, Selma, Ala., and L. Y. Sadler, Jr., Camden, Ala., for Guy S. Kelly and Bd. of Ed.

Solomon S. Seay, Jr., Montgomery, Ala., for plaintiffs-intervenors Ala. State Teachers Assn. and Nat. Ed. Assn.

A. J. Cooper, Prichard, Ala., for plaintiffs-intervenors Albert J. Gordon, Patsie Primm, Selina Smiley and Valerie Watts.

T. W. Thagard, Montgomery, Ala., for Meadows and Ala. State Bd. of Ed.

## ORDER

HAND, District Judge.

This matter came on for hearing at 8:00 a. m., Wednesday, July 3, 1974 in Room 229, United States Courthouse, Mobile, Alabama, in accordance with the notice issued by this Court directing that the parties will appear at that date and time for conference and hearing for the purposes of meeting the requirements of the Mandate of the Fifth Circuit Court of Appeals entered pursuant to Order dated May 2, 1974.

Under and pursuant to the requirements of that Mandate this Court was directed, among other things, to implement the Title IV Center plan insofar as it called for the consolidation of the formerly all-white and all-black schools in the Camden attendance area, to become effective at the commencement of

the Fall 1974 school term, and to determine the type of bi-racial committee that would best serve the purposes of integrating the schools of Wilcox County and resolving areas of difficulty existing between the races either by adopting the standard bi-racial committee approach or by adopting the Title IV Center plan whichever would best serve the purposes of the situation.

The Court having considered these matters, therefore Orders that the School Board shall implement the Title IV Center plan insofar as it calls for the consolidation of the formerly all-white and all-black schools in the Camden attendance area to be effective with the commencement of the school term that starts in the Fall of 1974. The parties are directed to submit to this Court within thirty (30) days, their considerations of the appropriate committee type that would best serve the purposes of resolving problems arising from integration of the schools, failing in which, the Title IV Center plan establishing a bi-racial committee shall become effective.

In addition to the above the parties are directed to confer and within thirty (30) days from date hereof submit to this Court a proposed resolution of the problems existing, if any, in regard to the re-employment of any defense or emergency certificated teachers and the issue of their back pay, failing in which this matter is set for hearing in Selma on Friday, August 23, 1974 at 9:00 a. m. for disposition.

Within thirty (30) days the parties will advise this Court if there is any need for alteration of the present transportation plan now in effect in Wilcox County, setting forth wherein the present plan is discriminatory and suggested remedial language to correct this situation, failing in which the plan now in existence shall be affirmed and retained.

This Court does not understand that the Court of Appeals found that there was any question concerning the 'janitorial fees charged to students. Indeed, by Order adopted the 5th day of October, 1972 this Court directed that such fees would no longer be charged and in fact they have not been charged.

The Court considers that its Order of September 26, 1973 is adequate to require that the School Board implement the Title IV Center plan at the earliest practical time taking into consideration the financial capabilities of the system and was agreed to by the Court of Appeals.

That aspect of the Mandate concerning the adoption of a Findings of Fact and Conclusions of Law is hereby referred to counsel with instructions that they are to confer and submit to this Court a Proposed Findings of Fact and Conclusions of Law that comports with the requirements of the Mandate of May 2, 1974 within thirty (30) days from date hereof.

All other matters having heretofore been considered by the Court of Appeals to have been adequately covered, no further directions will be forthcoming from this Court in that regard, the Court reserving the question for the necessity for the appointment of a receiver pending further developments in the premises.

This Court notes from the hearing conducted on this date that matters dehors the record were presented to and considered by the Court of Appeals based on representation of counsel as to the opinions of the Court in the conduct of efforts to compromise the issues existing between the parties, and this Court is surprised and shocked thereby, and particularly the representation apparently made by counsel to the Court of Appeals as to the meaning and content of certain correspondence written in connection with the efforts of this Court to prod the parties into the resolution by agreement of controversies existing, which the parties subsequently did resolve and which resulted in consent orders entered by this Court. This Court wants the record to adequately and clearly reflect that each of the numerous

orders heretofore entered by this Court were prepared by the attorney representing the Justice Department and entered with the consent of the parties and where the Court of Appeals may have obtained the opinion that the School Board of Wilcox County was obdurately obstinate in complying 'therewith, this Court does not consider that they were, and the information, if any, given to the Court of Appeals in this regard was one-sided and erroneous. This Court can only conclude that such information was made available to the Court of Appeals because the Court of Appeals in its opinion expressed itself that the Board lay in the shadows of contempt throughout these proceedings.

The Court does not mean to imply that in each and every requirement of this Court, counsel for the School Board did not, in the zeal of advocacy, urge a different or other course, for they did, but when it came to the resolution of the point, there was total acquiescence by counsel and the School Board, and insofar as this Court has been informed or advised or has received testimony on point, the School Board has attempted to fully comply with these orders within the limits of their capabilities and understanding.

At all times during the course of this litigation it has been the effort of the School Board, the Intervenors and this Court to resolve the issues so as to comply with the requirements of the law in maintaining a unitary school system. Working towards this end the Court finds that the minority involved in this respect is not the black community but the white community and as part of the resolution of the problem discussed and agreed upon with all of the parties save the Civil Rights Division of the Justice Department, an effort was made to preserve in part the integration of the races by devising some means by which the whites attending the schools of Wilcox County would remain in the system, thus complying with the law by maintaining a workable system. As pointed out in the Order of

September 26th this number had been reduced to 109 at the commencement of the school year 1973–74. Actually, the enrollment would have been even less had not the Court adopted its plan contained in the September 26th Order. This result was obtained by reason of Justice Department's failure to compromise any issue pertaining to the minority interests. The resolution of the problem as ordered by the Court had the effect of preserving a small number of whites in the system and the Court is advised that if continued the adopted plan would result in an increase in the number of whites in the system for the school year 1974–75. At the time of adoption of the September plan, the plaintiff-intervenors expressed to the Court the desirability of continuing this progress for indeed the results thereof comport with the psychology and arguments advanced in *Brown v. School Board* as to the efforts to improve the educational processes of the black community. It was recognized then and is apparent to the Court now that this desirable result will not occur under the Title IV Center plan and henceforth the school system of Wilcox County will experience a continuing withdrawal of whites from the system down to the zero point. It is unfortunate that a side result of this is that the economics of the situation mandated by such a course dictate a further decline in the quality of education afforded any student in the Wilcox County System. This is so because the white community has been shown by the evidence presented to this Court to loose interest in the support of the schools in proportion to the decline of their involvement. This was made further clear by statements made to the Court by members of the black community that only whites were willing to contribute through the offices of the PTA to certain activities in the school and the blacks unfortunately were not.

It should be noted that at the time that the Court's Order was entered attempting to finalize the controversy in this case, (see Order of September 26,

1973) all of the parties were in apparent agreement save the attorney representing the Justice Department, who, for some reason, seemed to have been personally aggrieved by what transpired. It was abundantly clear to the Court that the appeal in this case was based more on a fit of personal pique as much as anything else. This opinion is strengthened by the fact that at that time plaintiff-intervenors were satisfied as was their counsel and it was only because of the appeal that they joined in raising the issues that they did.